IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TYRONE PEELE** | : | |
| *Plaintiff* | : | **CIVIL ACTION** |
| | : | |
| v. | : | |
| | : | |
| **OBERLANDER** *et al.*, | : | |
| *Defendants* | : | **No. 21-2785** |

## MEMORANDUM

PRATTER, J.                                                                                   AUGUST 22, 2023

Pending before the Court are various motions relating to Tyrone Peele's claim that it is unlawful to require him to register as a sex offender for the rest of his life, based upon his 1999 conviction for rape. These motions include Mr. Peele's *pro se* § 2254 habeas petition and the magistrate judge's Report and Recommendation, Mr. Peele's *pro se* motion to set aside judgment, and Mr. Peele's *pro se* motion for a temporary restraining order and preliminary injunction. Mr. Peele argues that (1) he does not meet the requirements set forth in the Sex Offender Registration and Notification Act (SORNA) for a tier III sex offender, thus he cannot be required to register as a sex offender for life, and (2) the application of SORNA's registration requirements to Mr. Peele violates the *Ex Post Facto* Clause because SORNA was enacted after Mr. Peele was convicted for rape. For the reasons set forth below, Mr. Peele's arguments regarding the application of SORNA are without merit. The Courts adopts the Report and Recommendation and denies Mr. Peele's habeas petition, his motion to set aside judgment, and his motion for a temporary restraining order and preliminary injunction.

### BACKGROUND

Mr. Peele pled guilty to rape and corrupting the morals of a minor on April 19, 1999. That same day, Mr. Peele was sentenced to a term of five to ten years' imprisonment to be followed by

1

five years of probation.[1] Mr. Peele did not pursue a direct appeal or state collateral attack on this conviction. In September 2012, Mr. Peele filed a habeas corpus petition claiming ineffective assistance of counsel, failure of the prosecution to disclose evidence, and that his guilty plea was unlawfully induced. The District Court denied Mr. Peele's petition as time-barred, and the Third Circuit Court of Appeals affirmed the denial.

On June 23, 2021, Mr. Peele filed this § 2254 habeas petition and, in response to a court order, Mr. Peele filed an amended petition using the proper form. In the amended petition, Mr. Peele claims that: (1) the requirement that he register as a sex offender for the rest of his life violates the *Ex Post Facto* Clause; (2) his right to be free from double jeopardy was violated; and (3) the trial court lacked subject matter jurisdiction over his alleged crimes. On February 24, 2022, Mr. Peele filed a motion to withdraw his actual innocence, double jeopardy, and lack of subject matter jurisdiction claims. Thus, Mr. Peele's only remaining claim relates to the alleged violation

---

[1] At the time of Mr. Peele's sentencing, Pennsylvania's Megan's Law was in effect, which required sex offenders to

> register a current address with the Pennsylvania State Police upon release from incarceration[ or] being placed on parole . . . . The State Police must be notified of an offender's change of address and a current address must be registered. The period of registration under this provision is ten years . . . .

*Commonwealth v. Williams*, 733 A.2d 593, 595 (Pa. 1999). Later,

> [t]he [Pennsylvania] General Assembly enacted SORNA in response to the federal Adam Walsh Child Protection and Safety Act of 2006, which mandates that states impose on sex offenders certain tier-based registration and notification requirements in order to avoid being subject to a penalty, *i.e.,* the loss of federal grant funding. Accordingly, Pennsylvania's General Assembly sought to comply with this federal legislation by providing for the expiration of prior registration requirements, commonly referred to as Megan's Law [III], as of December 20, 2012, and for the effectiveness of SORNA on the same date.

*Commonwealth v. Muniz*, 164 A.3d 1189, 1203–04 (Pa. 2017), *cert. denied*, 138 S. Ct. 925 (2018) (internal citations and quotation marks omitted).

2

of the *Ex Post Facto* Clause. The Commonwealth filed a response to Mr. Peele's § 2254 petition arguing that his remaining claim lacked merit.

The magistrate judge to whom Mr. Peele's petition was referred issued a Report and Recommendation in which she concluded that Mr. Peele's only remaining claim lacks merit, and she therefore recommended that Mr. Peele's habeas petition be dismissed without an evidentiary hearing. Mr. Peele filed objections to the Report and Recommendation.

In addition to his § 2254 habeas petition, Mr. Peele has filed multiple *pro se* motions in this civil case. He filed a Motion to Set Aside Judgment, which appears to relate to a November 25, 2020 letter from the Pennsylvania State Police and signed by Sergeant O.E. Rowles, Commander of the Megan's Law Section, informing Mr. Peele that he appeared on the Megan's Law Registry as a sexual offender, and that his sexual offender classification was a lifetime classification. Mr. Peele appears to argue that the November 25, 2020 letter constitutes libel and contains false statements. Mr. Peele also filed a motion for a temporary restraining order and a preliminary injunction. In this motion, Mr. Peele seeks to enjoin the defendants from using his name, image, or likeness as a registered sex offender under SORNA or Megan's Law because he argues that this registration is illegal. He further seeks the removal of his name, image, or likeness from the registry. The Commonwealth did not file a response to either of these motions.

DISCUSSION

### I. Mr. Peele's § 2254 Habeas Petition

#### A. The Petition Is Not Second or Successive

At the outset, the Court must first determine whether Mr. Peele's present habeas petition is an unauthorized second or successive habeas petition. The Antiterrorism and Effective Death Penalty Act (AEDPA) of 1996, 28 U.S.C. § 2244, imposes restrictions on the filing of second or

successive habeas petitions, including that courts dismiss claims presented in second or successive § 2254 habeas petitions unless:

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2).

Courts have concluded that "if the prisoner did not have an opportunity to challenge the state's conduct in a prior § 2254 petition," then "such a claim is not 'second or successive,' and therefore is not subject to the § 2244(b) gatekeeping requirements." *Restucci v. Bender*, 599 F.3d 8, 10 (1st Cir. 2010); *see also United States v. Buenrostro*, 638 F.3d 720, 725 (9th Cir. 2011) ("Prisoners may file second-in-time petitions based on events that do not occur until a first petition is concluded."). "[T]he Supreme Court has confirmed that a numerically second petition is not properly termed 'second or successive' to the extent it asserts claims whose predicates arose after the filing of the original petition." *In re Jones*, 652 F.3d 603, 605 (6th Cir. 2010).

Mr. Peele's present habeas petition is numerically his second filed habeas petition. But, because his claim is based entirely on events that he could not have challenged in his original habeas petition as they had not yet occurred, his petition is not subject to dismissal as an unauthorized "second or successive" habeas petition. *See Restucci*, 599 F.3d at 10. The only claim remaining in Mr. Peele's present habeas petition is "that the requirement that he register as a sex offender for the rest of his life, which he learned about on November 25, 2020, violates the *Ex Post Facto* Clause, because his sex offense took place in 1998, which predates the existence of the Pennsylvania statute which requires his life-time registration." R. & R. at 2. In support of his

4

habeas petition, Mr. Peele attaches the aforementioned November 25, 2020 letter from Sgt. Rowles informing him of his lifetime registration as a sex offender. Further, Mr. Peele bases the challenge to his registration on *Commonwealth v. Muniz*, which was not decided by the Pennsylvania Supreme Court until 2017. 164 A.3d at 1223.

Because the November 25, 2020 letter was not issued to Mr. Peele until approximately eight years after the district court denied his first habeas petition, and because *Muniz* was not decided by the Pennsylvania Supreme Court until approximately five years after his first habeas petition was denied, Mr. Peele could not have challenged his lifetime registration as a sex offender in 2012, when he filed his original habeas petition. Thus, the Court concludes that Mr. Peele's petition is appropriate and will not dismiss the petition as a "second or successive" habeas petition.[2]

### B. Standard of Review

A federal district court cannot grant a petition for habeas corpus "unless the adjudication of the claim . . . resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or . . . resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

If a party timely objects to a magistrate judge's report and recommendation, the court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). Regardless of whether timely objections are made, district courts "*may* accept, reject, or modify, in whole or in part," the magistrate judge's findings or recommendations. *Id.* (emphasis added). Hence, the Court

---

[2] The Commonwealth arrives at the same conclusion. In its response to Mr. Peele's present habeas petition, it argues that Mr. Peele's claim should not be dismissed under § 2244(b) because it was not ripe in 2012.

5

is obliged to review independently the issues at hand, even if, as is the case here, the district court and the magistrate judge are in agreement as to the result.

## C. The Sex Offender Registration and Notification Act

Mr. Peele claims "that the requirement that he register as a sex offender for the rest of his life, which he learned about on November 25, 2020, violates the *Ex Post Facto* Clause, because his sex offense took place in 1998, which predates the existence of the Pennsylvania statute which requires his life-time registration." R. & R. at 2. Mr. Peele also appears to argue that because he does not satisfy the requirements of a "tier III sex offender," as defined by SORNA, he is not subject to the lifetime registration requirement, thus requiring him to register for life is unlawful.

### 1. Mr. Peele Is a Tier III Sex Offender Under SORNA

Under SORNA, "[t]he term 'sex offender' means an individual who was convicted of a sex offense." 34 U.S.C. § 20911(1). There are three tiers of sex offenders. *See id.* § 20911(2)–(4). Relevant to Mr. Peele's case is tier III, which SORNA defines as follows:

> The term "tier III sex offender" means a sex offender whose offense is punishable by imprisonment for more than 1 year and –
> (A) is comparable to or more severe than the following offenses, or an attempt or conspiracy to commit such an offense:
>     (i) aggravated sexual abuse or sexual abuse (as described in sections 2241 and 2242 of Title 18); or
>     (ii) abusive sexual contact (as described in section 2244 of Title 18) against a minor who has not attained the age of 13 years;
> (B) involves kidnapping of a minor (unless committed by a parent or guardian); or
> (C) occurs after the offender becomes a tier II sex offender.

34 U.S.C. § 20911(4).

Pursuant to 18 U.S.C. § 2241(a), "[w]hoever . . . knowingly causes another person to engage in a sexual act . . . by using force against that other person; or . . . by threatening or placing that other person in fear that any person will be subjected to death, serious bodily injury, or kidnapping" is guilty of aggravated sexual abuse. *Id.* § 2241(a)(1)–(2). A person is guilty of sexual

abuse, *inter alia*, if he "knowingly . . . engages in a sexual act with another person if that person is . . . physically incapable of declining participation in, or communicating unwillingness to engage in, that sexual act; or . . . engages in a sexual act with another person without that other person's consent." *Id.* § 2242(2)–(3).

Mr. Peele was convicted of, and pled guilty to, raping a minor. In Pennsylvania, the offense of rape is defined as follows:

> A person commits a felony of the first degree when the person engages in sexual intercourse with a complainant:
> (1) By forcible compulsion.
> (2) By threat of forcible compulsion that would prevent resistance by a person of reasonable resolution.
> (3) Who is unconscious or where the person knows that the complainant is unaware that the sexual intercourse is occurring.
> (4) Where the person has substantially impaired the complainant's power to appraise or control his or her conduct by administering or employing, without the knowledge of the complainant, drugs, intoxicants or other means for the purpose of preventing resistance.
> (5) Who suffers from a mental disability which renders the complainant incapable of consent.

18 Pa. Cons. Stat. § 3121(a). Rape, as defined by Pennsylvania law, is "comparable to . . . aggravated sexual abuse or sexual abuse . . . as described in sections 2241 or 2242 of Title 18." 34 U.S.C. § 20911(4)(A)(i). The state offense requires sexual intercourse by force or threat or in scenarios where the complainant lacks the capacity to consent to the sexual act. *See* 18 U.S.C. §§ 2241(a), 2242(1)–(2); 18 Pa. Cons. Stat. § 3121(a). So, Mr. Peele, who is convicted of rape in Pennsylvania, qualifies as a tier III sex offender under SORNA. *See* 34 U.S.C. § 20911(4)(A)(i).

SORNA sets forth different registration requirements for each tier of sex offender. *Id.* § 20913. "A sex offender shall register, and keep the registration current, in each jurisdiction where the offender resides, where the offender is an employee, and where the offender is a student." *Id.* § 20913(a). "A sex offender shall keep the registration current for the full registration period . . . ." 34 U.S.C. § 20915(a). For a tier III sex offender, "[t]he full registration period is . . . the life of

7

the offender." 34 U.S.C. § 20915(a)(3). Thus, anyone who is convicted of rape in Pennsylvania, and who qualifies as a tier III sex offender under SORNA, is required to register as a sex offender for life. *See Commonwealth v. Lacombe*, 234 A.3d 602, 612, 616 (Pa. 2020) (providing that persons convicted of rape in Pennsylvania "are subject to lifetime registration").

Mr. Peele is thus required to register as a sex offender for the rest of his life. 34 U.S.C. §§ 20911(4)(A)(i), 20915(a)(3). Although Mr. Peele attempts to argue that he does not qualify as a tier III sex offender because the individual whom he raped was not under the age of thirteen at the time of the crime, his argument is unavailing. The statute clearly states that an offender is a tier III sex offender if they commit an offense comparable to either "(i) aggravated sexual abuse or sexual abuse (as described in sections 2241 and 2242 of Title 18); *or* (ii) abusive sexual contact (as described in section 2244 of Title 18) against a minor who has not attained the age of 13 years." *Id.* § 20911(4)(A) (emphasis added). An offender qualifies as a tier III sex offender if *either* of these conditions is satisfied. Because Mr. Peele committed an offense comparable to aggravated sexual abuse, the age of the individual whom he raped is immaterial to his classification as a title III sex offender. Mr. Peele is a tier III sex offender and thus is lawfully required to register as a sex offender for his entire life.

### 2. SORNA Does Not Violate the *Ex Post Facto* Clause

Mr. Peele argues that SORNA violates the *Ex Post Facto* Clause. "The *Ex Post Facto* Clause of the Constitution forbids any law that changes the punishment, and inflicts a greater punishment for pre-existing conduct." *United States v. Shenandoah*, 595 F.3d 151, 158 (3d Cir. 2010) (internal quotation marks omitted), *abrogated on other grounds by Reynolds v. United States*, 565 U.S. 432 (2012); *see also* U.S. Const. Art. I § 9. Generally, Mr. Peele argues that because SORNA is being retroactively applied to his 1999 rape conviction, it violates the *Ex Post Facto* Clause. Mr. Peele bases his argument on the Pennsylvania Supreme Court's decision in

8

*Muniz*, in which the Court held that "retroactive application of SORNA . . . violates the ex post facto clause of the United States Constitution." *Muniz*, 164 A.3d at 1218.

Mr. Peele, however, neglects to address the state General Assembly's response to *Muniz*. "In response to *Muniz* . . . , the [Pennsylvania] General Assembly enacted Subchapter I [of SORNA], the retroactive application of which became the operative version of SORNA for those sexual offenders whose crimes occurred between April 22, 1996 and December 20, 2012." *Lacombe*, 234 A.3d at 615. Because Mr. Peele's crime occurred in 1998, Subchapter I is the operative provision of SORNA as applied to Mr. Peele. "With regard to Subchapter I, the General Assembly declared its intent that the statute 'shall not be considered as punitive.'" *Id.* at 615 (quoting 42 Pa. Cons. Stat. § 9799.51(b)(2)). Subchapter I also provides that persons convicted of rape "are subject to lifetime registration." *Lacombe*, 234 A.3d at 612, 616.

In *Lacombe*, the Pennsylvania Supreme Court held that "Subchapter I does not constitute criminal punishment," thus, any claims that it violates the *Ex Post Facto* Clause must necessarily fail, *id.* at 626–27, because the *Ex Post Facto* Clause only forbids punitive laws which modify or increase the punishment for pre-existing conduct. *Shenandoah*, 595 F.3d at 158. In so holding, the Pennsylvania Supreme Court recognized that in *Muniz*, the Court's "decision regarding violation of [the *Ex Post Facto*] clause depend[ed] on a determination of whether SORNA's retroactive application to [Muniz] constitute[d] punishment." *Muniz*, 164 A.3d at 1208. Because Subchapter I as enacted is not punitive, its retroactive application does not violate the *Ex Post Facto* Clause. *Lacombe*, 234 A.3d at 626–27. Moreover, the General Assembly explicitly intended Subchapter I to be retroactively applied. *Id.* at 615 ("Subchapter I applies to those convicted of a sexually violent offense after April 22, 1996, but before December 20, 2012.") (citing 42 Pa. Cons. Stat. § 9799.52(1), (2)).

To date, the Third Circuit Court of Appeals has not issued a binding and precedential opinion holding that SORNA Subchapter I is or is not punitive or that its retroactive application violates the *Ex Post Facto* Clause. However, following *Lacombe,* numerous courts in this circuit have held that the application of SORNA does not violate the *Ex Post Facto* Clause. *See, e.g., Thomas v. Blocker*, No. 21-cv-1943, 2022 WL 2870151, at *3 n.8 (3d Cir. July 21, 2022) ("[Appellant's] *ex post facto* claim fails because we have already held that federal SORNA, and specifically the retroactive registration requirement, does not violate the *ex post facto* clause."); *Webster v. Tice*, No. 20-cv-476, 2021 WL 6274465, at *2 (E.D. Pa. Dec. 7, 2021) (denying petitioner's claim "that it [wa]s unconstitutional to subject him to SORNA[]'s registration requirement because they were enacted after he committed his crime" because, according to *Lacombe,* the registration requirements do not constitute criminal punishment and thus application of SORNA does not violate the *Ex Post Facto* Clause); *Reaves v. Rowles*, No. 21-cv-904, 2021 WL 5416248, at *6 (M.D. Pa. Nov. 19, 2021) (concluding that plaintiff's claim regarding *ex post facto* issues relating to the "instant sex offender registration requirement has already been settled using well established constitutional standards").

The application of SORNA's registration requirement to Mr. Peele does not violate the *Ex Post Facto* Clause.

\* \* \* \* \*

For all of these reasons, the Court adopts the Report and Recommendation and denies Mr. Peele's habeas petition.

### D. A Certificate of Appealability Will Not Issue

A habeas petitioner may appeal the final order in a habeas proceeding only if a judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."

§ 2253(c)(2). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Because Mr. Peele has failed to show a denial of his constitutional rights, and because reasonable jurists would not find this Court's resolution of Mr. Peele's claims "debatable or wrong," a certificate of appealability will not issue. *Id.*

## II.    Mr. Peele's Motion to Set Aside Judgment

Mr. Peele filed a *pro se* motion to set aside judgment. Construing Mr. Peele's motion liberally, *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), he seems to be seeking to set aside the November 25, 2020 letter from Sgt. Rowles informing Mr. Peele that he appears on the Megan's Law Registry as a sexual offender, and that his sexual offender classification is for Mr. Peele's lifetime. Mr. Peele appears to argue that the November 25, 2020 letter should be set aside because it constitutes libel and contains false statements. He further asserts five legal defects or errors which he seeks review of: (1) timely objections, (2) official oppression, (3) false oath, (4) obstruction of justice, and (5) "misjoiner." Pet'r.'s Mot. to Set Aside J. at ECF 2. However, Mr. Peele does not state with specificity what these legal defects and errors relate to, nor does he demonstrate how these purported defects warrant the relief he seeks.

Although Mr. Peele does not state under which Federal Rule of Civil Procedure he is moving, the Court construes his motion to set aside judgment as being brought under either Federal Rule of Civil Procedure 59(e) or 60(b), which govern motions seeking relief from a judgment. Rule 59(e) states that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). Rule 60(b) provides the following six grounds for relief from a final judgment, order, or proceeding:

11

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b)(1)–(6).

To the extent Mr. Peele seeks to set aside the November 25, 2020 letter under Rules 59(e) or 60(b), he cannot do so because this letter does not constitute a judgment. A "judgment" is "[a] court's final determination of the rights and obligations of the parties in a case." *Judgment, Black's Law Dictionary* (11th ed. 2019). The November 25, 2020 letter was issued by the Pennsylvania State Police, not the Court, and it was signed by Sgt. Rowles, not a judge. The letter reads, in relevant part:

> Please use this correspondence as *confirmation the Pennsylvania State Police Megan's Law Section has received and processed or reviewed your sexual offender registration information.* You now appear on the Megan's Law Registry pursuant to 42 Pa. C.S. Chapter 97, as a sexual offender.
>
> Additionally, your sexual offender classification is Lifetime. You are required to register as a sexual offender with the Pennsylvania State Police for Lifetime. Furthermore, you are required to verify your registration information Every 12 Months at an approved registration site during the ten dates before the following date(s) each year: 22 – Jun

Nov. 25, 2020 Letter, Doc. No. 5 at ECF 21 (emphasis added). The letter plainly does not reflect a *court's* determination of Mr. Peele's rights or obligations; instead, it confirms the Pennsylvania State Police's receipt of Mr. Peele's sexual offender registration. It strains logic to say that this letter is a "judgment" such that Mr. Peele could plausibly seek to set it aside under Rules 59(e) or 60(b).

For these reasons, the Court denies Mr. Peele's motion to set aside judgment.[3]

### III. Mr. Peele's Motion for a Temporary Restraining Order and a Preliminary Injunction

Mr. Peele seeks to enjoin the defendants from using his name, image, or likeness as a registered sex offender under SORNA or Megan's Law because he argues that his registration as a sex offender is illegal. He further seeks the removal of his name, image, or likeness from the registry.

"A temporary restraining order is a 'stay put,' equitable remedy that has as its essential purpose the preservation of the status quo while the merits of the cause are explored through litigation." *J.O. ex rel. C.O. v. Orange Twp. Bd. of Educ.*, 287 F.3d 267, 273 (3d Cir. 2002) (quoting *Foreman v. Dall. Cnty.*, 193 F.3d 314, 323 (5th Cir. 1999)). The standard for determining whether a movant is entitled to a temporary restraining order is the same as that used for a preliminary injunction: the movant must demonstrate "(1) a likelihood of success on the merits; (2) he or she will suffer irreparable harm if the injunction is denied; (3) granting relief will not result in even greater harm to the nonmoving party; and (4) the public interest favors such relief." *Bimbo Bakeries USA, Inc. v. Botticella*, 613 F.3d 102, 109 (3d Cir. 2010); *see also EXL Lab'ies, LLC v. Egolf*, No. 10-cv-6282, 2010 WL 5000835, at *3 (E.D. Pa. Dec. 7, 2010) ("The standard for granting a temporary restraining order under Federal Rule of Civil Procedure 65 is the same as

---

[3] Even if the Court were to liberally construe Mr. Peele's motion as seeking to set aside a *judgment*, Mr. Peele's motion fails because it is untimely under Rules 59(e) and 60(c). Mr. Peele's motion is untimely under Rule 59(e), which requires a motion to be filed "no later than 28 days after the entry of judgment," Fed. R. Civ. P. 59(e), because Mr. Peele filed his motion on December 12, 2022, more than two years after the letter was issued on November 25, 2020. Mr. Peele's motion is untimely under Rule 60(c) because it was made "more than a year after" the letter was issued, and Mr. Peele has not demonstrated that his motion was "made within a reasonable time." Fed. R. Civ. P. 60(c)(1). "[A] motion under Rule 60(b)(6) filed *more than a year after final judgment* is generally untimely unless 'extraordinary circumstances' excuse the party's failure to proceed sooner . . . ." *Walker v. Dauphin Cnty. Prison*, No. 06-cv-1442, 2021 WL 6337514, at *1 (M.D. Pa. Feb. 24, 2021) (emphasis added); *accord Moolenaar v. Gov't of V.I.*, 822 F.2d 1342, 1348 (3d Cir. 1987) (concluding that a Rule 60(b)(6) motion filed nearly two years after district court's initial judgment was not made within a reasonable time).

that for issuing a preliminary injunction."). "The failure to establish any of these elements, however, renders the issuance of an injunction inappropriate." *Bradley v. Amazon.com, Inc.*, No. 17-cv-1587, 2021 WL 5631754, at *2 (E.D. Pa. Dec. 1, 2021). "Preliminary injunctive relief is an extraordinary remedy and should be granted only in limited circumstances." *Kos Pharms., Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004) (internal quotation marks omitted). Movants face a "heavy burden," *Lane v. New Jersey*, 753 F. App'x 129, 131 (3d Cir. 2018), and "must establish entitlement to [injunctive] relief by clear evidence." *Doe ex rel. Doe v. Boyertown Area Sch. Dist.*, 897 F.3d 518, 526 (3d Cir. 2018).

The Court will first consider the likelihood of success on the merits. "At the preliminary injunction stage, plaintiffs need only show a reasonable probability that their . . . claims will succeed on the merits." *Miller v. Mitchell*, 598 F.3d 139, 147 (3d Cir. 2010). As set forth above, Mr. Peele's claim regarding the application of SORNA's registration requirement to him has no merit. In *Lacombe*, the Pennsylvania Supreme Court held that because SORNA Subchapter I—the operative SORNA provision with respect to Mr. Peele's rape conviction—does not constitute criminal punishment, it does not violate the *Ex Post Facto* Clause. 234 A.3d at 626–27. It is thus not unlawful to require sex offenders to register under SORNA. Further, Courts in the Third Circuit have concluded, based on *Lacombe*, that *ex post facto* claims regarding the application of SORNA's registration requirements are without merit. *See, e.g., Thomas*, 2022 WL 2870151, at *3 n.8; *Webster*, 2021 WL 6274465, at *2; *Reaves*, 2021 WL 5416248, at *6. Thus, Mr. Peele cannot show a reasonable probability that this claim will succeed. *Miller*, 598 F.3d at 147.

Mr. Peele's claim that *lifetime* registration, in particular, is unlawful also has no merit. Mr. Peele pled guilty to raping a minor. Under SORNA, Mr. Peele qualifies as a tier III sex offender because rape is comparable to aggravated sexual abuse or sexual abuse. *See* 34 U.S.C.

14

§ 20911(4)(A)(i). As a tier III sex offender, Mr. Peele is subject to lifetime registration requirements. *See* 34 U.S.C. § 20915(a)(3). Moreover, the Pennsylvania Supreme Court and the Pennsylvania General Assembly have made it explicitly clear that individuals convicted of rape "are subject to lifetime registration." *Lacombe*, 234 A.3d at 616. Again, Mr. Peele has shown no probability of success on this claim.

Because Mr. Peele has failed to establish the first element required for a temporary restraining order and a preliminary injunction, injunctive relief is not warranted. *Bradley*, 2021 WL 5631754, at *2. For these reasons, the Court denies Mr. Peele's motion for a temporary restraining order and a preliminary injunction.

## CONCLUSION

For the reasons set forth above, the Court adopts the Report and Recommendation and denies Mr. Peele's § 2254 habeas petition. A certificate of appealability will not issue.

The Court also denies Mr. Peele's Motion to Set Aside Judgment and his Motion for a Temporary Restraining Order and a Preliminary Injunction.

Appropriate orders follow.

BY THE COURT:

_/s/ Gene E.K. Pratter_
**GENE E.K. PRATTER**
**UNITED STATES DISTRICT JUDGE**